11 CIV. 3810

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

NATARAJAN VENKATARAM,       :
             **Plaintiff,**       :
      :
        **v.**       :       **Civil Action No. _____**
      :
**YOAV M. GRIVER and ZEICHNER**       :
**ELLMAN & KRAUSE, LLP, a**       :
**Limited liability partnership**       :
            **Defendant.**       :

------------------------------------------------x

## COMPLAINT

COMES NOW Natarajan Venkataram, ("Venkataram") pro se Plaintiff, and for his

Complaint against Defendants alleges, with knowledge of his own actions and on information

and belief as to the actions of others, as follows:

### Introduction

1. This is a civil action brought pursuant to 18 U.S.C. § 1961 et seq.,the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), to recover damages caused by fraud in the

inducement and breach of contract that was accomplished by the RICO predicate acts of

violations of 18 U.S.C. § 134 and 1343 (mail fraud and wire fraud), conceived and orchestrated

by the Defendants, whose actions ultimately damaged Venkataram in the amount of over

$9 million dollars.

2. Yoav M. Griver ("GRIVER") is an attorney-at-law with his principal office at 575

Lexington Avenue, New York, NY 10022.

RECEIVED MAY 19 2011 PRO SE OFFICE



3.  Zeichner, Ellman & Krause, LLP ("ZEK") is a limited liability partnership law firm whose principal offices are at 575 Lexington Avenue, New York, NY 10022.

4.  On October 10, 2006, GRIVER and ZEK entered into a "retainer agreement" ("AGREEMENT")  that provided for representation of Venkataram in City of New York v. Venkataram et al. (Case No. 06-cv-6578) (SDNY).

5.  The AGREEMENT provided, inter alia, for the payment of an initial retainer in the amount of $50,000 but made no provision for the scope of services to be provided by the Defendants. See, Agreement (Exhibit 1).

6.  On January 28, 2008, more than 15 months after the date of the AGREEMENT, GRIVER submitted a Motion for Order Granting Leave to Withdraw as Counsel and a Declaration in support thereof. Declaration (Exhibit 2).

7.  During the aforesaid intervening time period, the only action taken by Defendants on Venkataram's behalf was to seek a stay of all discovery until the conclusion of the criminal proceedings in Case No. 06CR102 (SDNY). The request for stay was granted. No answer or motion to dismiss was filed. No discovery commenced. Declaration, at p.2, Paragraph 2.

8.  At various times from October 10, 2006 to January 28, 2008 the Defendants used the United States Postal Service and the Internet (e-mail) to transmit the AGREEMENT and other communications that constituted fraudulent statements upon which Venkataram justifiably relied in good faith.

9.  The Defendant's made an implicit representation, in the AGREEMENT and elsewhere, as to a standard of conduct and professionalism that was false, and that Defendants knew to be false: that the representation was made for the purpose of inducing Venkataram to rely upon it; and upon which Venkataram did actually and reasonably rely.

2

10. The Defendants also made promises not contained in the written AGREEMENT that were made with a preconceived and undisclosed intention of not performing them.

11. The actions and/or omissions of the Defendants were the proximate cause of the damages suffered by Venkataram.

**Parties**

12. Venkataram is a citizen of the State of New Jersey residing as a federal prisoner at the federal correctional institution in Fort Dix, New Jersey.

13. On information and belief, Defendant GRIVER is a citizen of New York and an attorney-at-law admitted to practice before the Bar of the State of New York and also admitted in the U.S. District Court for the Southern District of New York, whose principal office is in New York City, and who was a signatory to the AGREEMENT.

14. ZEK is a limited liability partnership, licensed to practice law in the State of New York, whose principal offices are in New York City, and who is a party to the AGREEMENT.

**Jurisdiction and Venue**

15. The Plaintiff alleges violations of 18 U.S.C. § 1961 _et seq_. and this Court has jurisdiction pursuant to 18 U.S.C. § 1964 (c) and, independently, pursuant to 28 U.S.C. § 1331 and 1332. The parties hereto are diverse in citizenship and the amount in controversy exceeds $75,000. This Court exercises supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367 (a).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and 18 U.S.C. § 1965 (a) and (b) because a substantial part of the events giving rise to this Complaint occurred within this district.

17. Personal jurisdiction is proper pursuant to 18 U.S.C. § 1965 and N.Y. CPLR § 301

and 302 because both Defendants either reside in New York, or, in person or through an agent, transacts or has transacted business within New York, or contracts or has contracted to supply services within New York, or has committed a tortious act within New York. Each Defendant did and continues to do business within New York, made contracts to be performed in whole or in part in New York, and/or performed tortious acts reasonably expected to have consequences in New York and within this district while deriving substantial revenue from interstate commerce.

**Statement of Facts**

18. Venkataram was the defendant in Case No. 06CR102 (SDNY) and on October 30, 2007 he pled guilty to violations of 18 U.S.C. § 666 and 1956. He was subsequently sentenced to serve a term of 180 months incarceration in a federal facility.

19. On August 31, 2006, the City of New York filed a civil RICO action against Venkataram and his codefendants seeking treble damages. This action was filed well in advance of the date that Venkataram entered his guilty plea.

20. As a result of the civil RICO action, Venkataram entered into the AGREEMENT with the Defendants.

21. Venkataram expected, had every right to expect, and relied upon the verbal assurances of professional expertise that were conveyed to him by the Defendants.

22. Venkataram relied upon those assurances and expected the Defendants to perform in accordance with the established principles of professional conduct as set out in the applicable American Bar Association Standards and the New York Code of Professional Conduct.

23. Notwithstanding repeated requests from Venkataram, Defendants failed to take any action in the civil RICO case, other than to request and receive a stay of the proceedings pending the outcome of the criminal case; to wit, they never addressed a fatal flaw in the Complaint that

4

the allegations of mail and wire fraud must be plead with particularity, and the Complaint was accordingly defective.

24. On information and belief, Venkataram asserts that, had a Motion to Dismiss been timely filed and properly presented, the civil RICO action would have been dismissed and the City of New York would have been collaterally estopped from bringing a later action due to the doctrine of res judicata.

25. Venkataram was injured in his business or property by reason of the Defendant's participation in an enterprise engaging in mail and wire fraud, fraud in the inducement, and breach of contract. Because Defendants utilized an enterprise to engage in a racketeering activity, as set out in 18 U.S.C. § 1961 et seq., the Defendants are liable for treble damages pursuant to the RICO statute.

26. Defendants knowingly entered in the AGREEMENT with Venkataram, with no intention of acting in accord with the applicable standards of professional conduct that apply to their profession and intending to take no substantive action on Venkataram's behalf ; and are accordingly liable under New York statutes covering fraud in the inducement and breach of contract.

## Count I - Violation of 18 U.S.C. § 1962 (c)

27. Venkataram realleges paragraph 1 through 26 above as if fully set forth herein.

28. Venkataram is a "person" as defined in 18 U.S.C. § 1961 (c) and 1962 (c).

29. Each defendant is a "person" as defined in 18 U.S.C. § 1961 (c) and 1962 (c).

30. Each defendant is an integral part of an "enterprise" within the meaning of 18 U.S.C. § 1961 (4) and 1962 (c); to wit, the law firm ZEK.

31. Each defendant is associated with the Enterprise and participates, through activities

5

having an effect on interstate commerce, directly and indirectly in the conduct of the Enterprise's affairs through a pattern of racketeering activity, in the form of a scheme using the mails and wires to obtain funds fraudulently through fraud in the inducement and breach of contract, in violation of 18 U.S.C. § 1341 and 1343.

32. Each defendant's predicate acts of mail and wire fraud constitutes a pattern of unlawful activity within the meaning of 18 U.S.C. § 1961 (1) (B). Defendants repeatedly used the mails or wires in furtherance of the Enterprise's scheme of fraudulent inducement and breach of contract.

33. Venkataram has suffered injury to his business or property within the meaning of 18 U.S.C. § 1964 (c) by reason of Defendants' violation of 18 U.S.C. § 1962 (c), in an amount to be determined at trial.

**Count II – Fraudulent Inducement**.

34. Venkataram realleges paragraphs 1 through 33 above as if fully set forth herein.

35. Venkataram justifiably relied on Defendants' representations and they were the proximate cause of his injury.

36. Implicit in the AGREEMENT was the representation by the Defendants that they would conduct their practice of law in accord with all applicable professional standards existing at the time they entered into the AGREEMENT with Venkataram.

37. Venkataram alleges that Defendants had a legal duty, separate and apart from the obligations contained in the AGREEMENT, to perform to the aforementioned standards of professional conduct.

38. At all times pertinent to the Defendants' representation of Venkataram, they acted in

a manner contrary to their professional responsibility to him and, by taking no affirmative action on his behalf, caused him significant injury.

39. Each of the Defendants is liable to Venkataram for all damages arising from the fraudulent inducement that caused Venkataram to enter into the AGREEMENT.

## Count III – Breach of Contract

40. Venkataram realleges paragraphs 1 through 39 as if fully set forth herein.

41. Defendants' AGREEMENT with Venkataram imposed obligations enforceable by law; to wit, a contract and, implicit in the AGREEMENT was the representation by the Defendants that they would conduct their practice of law in accord with all applicable professional standards existing at the time they entered into the AGREEMENT with Venkataram.

42. Those professional standards of conduct imposed an affirmative obligation on the Defendants to act proactively to defend Venkataram's legal interests.

43. Venkataram's claim for breach of contract is made within the applicable six (6) year statute of limitations set forth in N.Y. CPLR 231(2).

44. Defendants, despite Venkataram's urging, never discussed filing a motion to dismiss the civil RICO action and took no action to proactively defend Venkataram.

45. At all times pertinent to the AGREEMENT, Defendants held themselves out to be experienced and adept at federal civil practice.

46. Venkataram justifiably relied on Defendants' representations and they were the proximate cause of his injury.

47. Venkataram suffered damages that were directly and proximately caused by Defendant's breach.

48. Each of the defendants is liable to Venkataram for all damages arising from their breach of contract ("AGREEMENT").

### Count IV – Punitive Damages

49. Venkataram realleges paragraphs 1 through 48 as if fully set forth herein.

50. The conduct of the Defendants in collecting funds from Venkataram and subsequently breaching the AGREEMENT was fraudulent, willful, wanton, and clearly illegal.

51. As a result, Venkataram is entitled to punitive damages against the Defendants in an amount to be determined at trial, but not less than $9 million.

**WHEREFORE,** Venkataram respectfully demands judgment as follows:

a) As to Count I, pursuant to 18 U.S.C. § 1964 (c) and as against each defendant named herein and each of them jointly and severally, an award of three times Venkataram's damages, in an amount to be determined at trial;

b) As to Count II, and as against each defendant named herein and each of them jointly and severally, an award of damages to be determined at trial.

c) As to Count III, and as to each defendant named herein and each of them jointly and severally, an award of damages to be determined at trial;

d) As to Count IV, an award of punitive damages against each defendant named herein, jointly and severally, in an amount not less than $9 million to be determined at trial;

e) An award to Venkataram of his costs, expenses, investigation costs and attorney's fee, if any, pursuant to 18 U.S.C. § 1964(c) and NYC Admin. Code § 7-803(b);

f) Such other and further relief as the Court deems just and proper.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial as to all issues presented in this Complaint.

Dated: May ⎽10⎽, 2011
Fort Dix, N.J

Natarajan Venkataram, pro se
Reg.No. 58513-054
F.C.I Fort Dix (Camp)
P.O. Box 2000
Fort Dix, NJ 08640

9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------x
NATARAJAN VENKATARAM,                    :
                    Plaintiff,           :
                                         :
            v.                           :      Civil Action No. _____
                                         :
YOAV M. GRIVER and ZEICHNER              :
ELLMAN & KRAUSE, LLP, a                  :
Limited liability partnership            :
                    Defendant.           :
------------------------------------------------x
```

## MOTION FOR SERVICE BY U.S. MARSHAL

COMES NOW the Plaintiff, Natarajan Venkataram, pro se and moves this Court, pursuant to Fed. R. Civ. P. 4(c)(3), to order service of the accompanying civil Complaint by the U.S. Marshal's Service. In support whereof, Plaintiff relies upon the following:

1.  Plaintiff is an incarcerated federal prisoner currently housed at FCI Fort Dix, Fort Dix, New Jersey. As such, he has no means at his disposal to effect service of the subject Complaint.

2.  Although Plaintiff is not proceeding in forma pauperis and thus is not eligible for a Mandatory order pursuant to 28 U.S.C. § 1915, he is without sufficient funds to pay both the filing fee and service costs.

3.  In view of the severe financial and physical restraints here present, Plaintiff submits that service be effected by the U.S. Marshal's Service.

1

4.  Serve;

    a.  Yoav M. Griver
        575 Lexington Avenue,
        New York, N.Y 10022
        Tele# 212-223-0400

    b.  Zeichner, Ellman & Krause, LLP
        575 Lexington Avenue
        New York, N.Y 10022
        Tele# 212-223-0400

WHEREFORE, for the foregoing reasons, Plaintiff Natarajan Venkataram asks that his Motion for Service by U.S. Marshal be granted.

Respectfully submitted,

Natarajan Venkataram, pro se
Reg.No. 58513-054
F.C.I Fort Dix (Camp)
P.O. Box 2000
Fort Dix, N.J 08640

Dated: May 10 , 2011
      Fort Dix, N.J

2